**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (AT DAYTON)**

| | | |
|---|---|---|
| **CHRISTOPHER P. AGEE,** | * | Case No. 3:21-cv-185 |
| *Plaintiff,* | * | |
| v. | * | |
| **FAYETTE DRYWALL, INC. AND NATIONWIDE MUTUAL INSURANCE COMPANY,** | * | **COMPLAINT** |
| | * | |
| *Defendants.* | * | |

## NATURE OF THE CLAIMS

Plaintiff Christopher P. Agee brings this action against Defendants to recover unpaid and underpaid overtime and prevailing wages, primarily in connection with hundreds of hours of work performed on the Fire Station No. 65 Project ("Project") in Beavercreek Township, Greene County, Ohio. Plaintiff seeks back pay, liquidated damages, and reimbursement of his costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*), Ohio's Prompt Pay Act (Ohio Rev. Code § 4113.61), and Ohio's Prevailing Wage Law (Ohio Rev. Code Chapter 4115), including overtime violations, prompt payment violations, and prevailing wage violations.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the work giving rise to Plaintiff's wage claims was performed in the Greene County, Ohio, which is within this District and Division.

## PARTIES & BACKGROUND

3. Plaintiff Christopher P. Agee ("Agee") is an individual residing in Montgomery County, Ohio.

4. Agee, at all times relevant, was a skilled craftsman, trained and working as a journeyman carpenter.

5. Plaintiff Agee was employed by Defendant Fayette Drywall, Inc. ("Fayette") on the Fire Station No. 65 Project ("Project") under contracts with Brumbaugh Construction, Inc. ("Brumbaugh") and Beavercreek Township, for which Defendant Nationwide Mutual Insurance Company ("Nationwide") provided a bond to discharge Plaintiff's lien upon public funds.

6. Defendant Fayette is an Ohio corporation with a principal place of business in Montgomery County, Ohio.

7. Defendant Fayette employed Plaintiff Agee on the Project, as well as other construction projects, on which Plaintiff performed carpentry work.

8. Brumbaugh is an Ohio corporation maintaining its principal place of business in Darke County, Ohio.

9. Beavercreek Township awarded Brumbaugh the contract for work on the Project, and Defendant Fayette worked as subcontractor for Brumbaugh on the Project.

10. Plaintiff Agee performed carpentry work for Fayette on the Project and filed an affidavit of attested account and for a mechanics' lien upon public funds for nonpayment of wages on the Project, a true and accurate copy of which is attached hereto as Exhibit 1.

11. Defendant Nationwide was, at all times relevant, a surety and domiciliary of the State of Ohio, having issued a bond to discharge Plaintiff Agee's lien upon public funds in connection with the Project.

12. Plaintiff Agee was an "employee" of Defendant Fayette as that term is defined in 29 U.S.C. § 203(e) and regulations interpreting Ohio Rev. Code Chapter 4115 (i.e., Ohio Admin. Code § 4101:9-4-02 through -28).

13. Plaintiff Agee was a "laborer" performing carpentry work for and on behalf of Defendant Fayette on the Project as that term is defined in Ohio Rev. Code § 1311.01(C), as incorporated by Ohio Rev. Code § 4113.61(F)(2).

14. Plaintiff Agee, while employed by Fayette, was not registered in any apprenticeship program and was engaged in commerce or in the production of goods for commerce because Fayette employed Agee on construction sites where Agee installed materials in buildings used for interstate commerce.

15. Many of the materials Agee installed on the construction sites were made outside Ohio and were ordered by mail, phone, or fax, and many of the tools Agee used were made outside Ohio or outside the United States of America.

16. Defendant Fayette, in 2018, 2019, 2020, and 2021, had two or more employees performing construction and clerical work in the state of Ohio; had revenue in excess of $500,000.00 per year; ordered construction materials by mail, email, phone, or

fax; and accepted checks from customers as payment for services—all of which constitutes interstate commerce.

17. Defendant Fayette was, at all times relevant, an "employer" as that term is defined in 29 U.S.C. § 203(d) and regulations interpreting Ohio Rev. Code Chapter 4115 (i.e., Ohio Admin. Code § 4101:9-4-02 through -28).

18. Defendant Fayette, with respect to Plaintiff Agee, was required to comply with 29 U.S.C. § 201 *et seq.* and Ohio Rev. Code Chapter 4115.

19. Defendant Fayette, with respect to work performed by Plaintiff Agee on the Project, was a "contractor" as that term is defined in Ohio Rev. Code § 4113.61(F)(1).

20. The Project was constructed for Beavercreek Township by Defendant Fayette pursuant to a subcontract with general contractor Brumbaugh, which served as general contractor on the Project for Beavercreek Township.

21. Defendant Nationwide provided the bond to discharge Plaintiff Agee's mechanics lien upon public funds in connection with the Project, a true and accurate copy of which is attached hereto as Exhibit 2.

22. Beavercreek Township expended public funds in furtherance of construction of the Project and was an "owner" as that term is defined in Ohio Rev. Code § 4113.61(F)(6).

23. The total cost of the Project was fairly estimated to exceed $1,000,000.00 and, as of the date of filing, is not completed.

24. The Project required payment of Greene County, Ohio prevailing wage rates, which Beavercreek Township required to be included in all contracts and subcontracts for construction of the Project.

25. Defendant Fayette received a subcontract for work on the Project from Brumbaugh, and Plaintiff performed work for Defendant Fayette on the Project as a carpenter.

26. In eleven workweeks between December 2020 and March 2021, Defendant Fayette suffered, permitted, or required Plaintiff Agee to work on the Project at a rate of no more than $26.74 per hour for approximately 300.5 recorded hours.

27. The stipulated, contractual prevailing wage rate for journeyman carpenters on the Project was $44.82 per hour, which resulted in Defendant Fayette suffering, permitting, or requiring Plaintiff Agee to be underpaid substantially, in the amount of at least $5,433.04.

28. To be sure, Defendant Fayette was required to comply with stipulated, contractual prevailing wage requirements and associated laws and regulations in connection with Plaintiff's hours worked on the Project.

29. In sum, Defendant Fayette failed to pay Plaintiff the prevailing rates of wages applicable to his work on the Project, and the prevailing wage rates were expressly intended to benefit Plaintiff and other construction workers on the Project.

30. These rates were stipulated, contractual wages in contracts with Beavercreek Township, and they were not paid to Plaintiff within the mandatory time frame.

31. As such, Plaintiff has "wages due" from Defendant Fayette as that phrase is defined in Ohio Rev. Code § 4113.61(F)(5).

32. Defendant Fayette issued Plaintiff Agee a Notice to Commence Suit dated May 11, 2021, a true and accurate copy of which is attached hereto as Exhibit 3.

**FIRST CLAIM FOR RELIEF**

*(29 U.S.C. § 216(b) Suit - FLSA Overtime Violations)*

33. Plaintiff re-alleges and incorporates the above allegations.

34. Under 29 U.S.C. § 207, Defendant Fayette was obligated to pay Plaintiff at a wage rate of 1.5 times Plaintiff's regular rate of pay for hours worked in excess of forty hours in a workweek.

35. Defendant Fayette failed to comply with the requirements of 29 U.S.C. § 207 by failing to pay Plaintiff overtime at a wage rate of 1.5 times Plaintiffs' regular rate for hours worked in excess of forty hours in several workweeks during Plaintiff's tenure of employment.

36. Defendant Fayette did not pay Plaintiff Agee related to Plaintiff's off-the-clock compensable work performed for the benefit of Defendant Fayette before and after shifts, as well as during Plaintiff's lunch breaks.

37. Defendant Fayette suffered or permitted Plaintiff to work hours after forty in various workweeks, but did not pay Plaintiff 1.5 times his regular or weighted average hourly rate.

38. Because Defendant Fayette failed to pay Plaintiff the properly calculated overtime rate of wages for all overtime hours he worked for Defendant Fayette, Defendant Fayette owes Plaintiff Agee back wages, a like amount in liquidated damages, costs, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

*(Ohio Rev. Code § 4113.61 Suit – Ohio Prompt Pay Violations)*

39. Plaintiff re-alleges and incorporates the above allegations.

40. Defendant Fayette suffered, permitted, or required Plaintiff, as a journeyman carpenter, to work on the Project in 2020 and 2021 for less than the prevailing rate of wages as stipulated in the contracts with Beavercreek Township and Brumbaugh.

41. Defendant Fayette suffered, permitted, or required Plaintiff, as a journeyman carpenter, to work hundreds of hours on the Project at a rate of $26.74 per hour, which was less than the stipulated, contractual wage rate for Plaintiff's work on the Project, i.e., $44.82 per hour.

42. Between December 2020 and March 2021 (and continuing through present day), Defendant Fayette submitted numerous requests for payment on the Project to Brumbaugh, which ultimately submitted pay applications to Beavercreek Township.

43. Between December 2020 and March 2021 (and continuing through present day), Defendant Fayette received (or was entitled to receive) progress payments from Brumbaugh, which Beavercreek Township ultimately paid.

44. Between December 2020 and March 2021 (and continuing through present day), Defendant Fayette failed to ensure that Plaintiff Agee was paid all his wages due within ten days of Defendant Fayette receiving progress payments on the Project.

45. Between December 2020 and March 2021 (and continuing through present day), Defendant Fayette failed to ensure Plaintiff was paid all his wages due within thirty days of payment being due to Plaintiff on the Project.

46. As such, Defendant Fayette, jointly and severally with Defendant Nationwide as surety, owe Plaintiff back wages, eighteen per cent per annum of the untimely paid back wages, costs, and attorneys' fees.

**THIRD CLAIM FOR RELIEF**

*(Ohio Rev. Code § 4115.10(A) Suit – Ohio Prevailing Wage Violations)*

47. Plaintiff re-alleges and incorporates the above allegations.

48. Beavercreek Township was, at all times relevant, a "public authority," and the Project was a "public improvement," under Ohio Rev. Code §§ 4115.03(A) and (C).

49. Defendant Fayette performed work on the Project pursuant to a contract with Brumbaugh, which had a contract with Beavercreek Township on the Project.

50. Beavercreek Township expended public funds in furtherance of construction of the Project.

51. The total cost of the Project was fairly estimated to exceed $1,000,000.00.

52. The Ohio Department of Commerce ("Commerce") determined that Ohio's prevailing-wage law applied to the Project, and it issued prevailing wage rates to Beavercreek Township to be included in all contracts for the Project.

53. Defendant Fayette received a subcontract for work on the Project from Brumbaugh, and Plaintiff performed work for Defendant Fayette on the Project as a carpenter.

54. Between December 2020 and March 2021, the stipulated prevailing wage rate for carpentry work on the Project was $44.82 per straight-time hour worked.

55. Defendant Fayette was required to comply with Ohio Rev. Code. Chapter 4115 and associated regulations in connection with Plaintiff's work on the Project.

56. In March 2021, Commerce received a written complaint and commenced an investigation into the wages paid to, among others, Plaintiff Agee by Defendant Fayette on the Project.

57. In June 2021, Commerce found that Defendant violated Ohio's prevailing-wage law by underpaying Plaintiff on the Project, and it issued a right to sue letter to Plaintiff, a true and accurate copy of which is attached hereto as Exhibit 4.

58. Defendant Fayette, jointly and severally with Defendant Nationwide as surety, owe Plaintiff Agee approximately $5,433.04 in prevailing wages in connection with Plaintiff's carpentry work on the Project.

59. Defendant Fayette, jointly and severally with Defendant Nationwide as surety, owe Plaintiff a penalty in the amount of 25% of his back wages (i.e., $1,358.26) under Ohio Rev. Code § 4115.10(A) in connection with Plaintiff's carpentry Project, along with Plaintiff's attorneys' fees and costs.

60. Defendant Fayette owes the Ohio Department of Commerce a penalty in the amount of 75% of Plaintiff's back wages (i.e., $4,074.78) under Ohio Rev. Code § 4115.10(A) in connection with the Project.

**FOURTH CLAIM FOR RELIEF**

*(Claim Against Bond to Discharge Lien upon Public Funds)*

61. Plaintiff re-alleges and incorporates the above allegations.

62. Plaintiff filed an affidavit of attested account and for a mechanics' lien upon public funds on the Project in March 2021.

63. To discharge Plaintiff's lien, Defendant Fayette procured a bond from Defendant Nationwide in the amount of $8,149.56.

64. On May 11, 2021, Defendant Fayette mailed a Notice to Commence Suit to Plaintiff Agee, which was received on May 12, 2021.

65. This action has been filed within sixty days of receipt of the Notice to Commence Suit, with application of Ohio Rev. Code § 1.14, and Plaintiff Agee is entitled to payment from Defendant Nationwide in connection with his work on, and all Claims related to, the Project.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter an order as follows:

a. with respect to the overtime claims in the First Claim for Relief, ordering Defendant Fayette to pay back pay, liquidated damages, attorneys' fees, and costs to Plaintiff Agee under 29 U.S.C. § 216(b);

b. with respect to the prompt pay, prevailing wage, and bond claims in the Second, Third, and Fourth Claims for Relief, ordering Defendant Fayette, jointly and severally with Defendant Nationwide as surety, to pay Plaintiff's back wages on the Project, 18% per annum of Plaintiff's back wages, penalties, attorneys' fees, and costs under Ohio Rev. Code § 4113.61(B) and Ohio Rev. Code § 4115.10(A);

c. with respect to the prevailing wage claim in the Fourth Claim for Relief, ordering Defendant Fayette to pay penalties to the Department of Commerce under Ohio Rev. Code § 4115.10(A); and

d. awarding any other legal or equitable relief it deems just and proper.

Dated: July 12, 2021

Respectfully,

**MANGANO LAW OFFICES CO., L.P.A.**

*/s/ Ryan K. Hymore*
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiffs*